**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDDY ALVAREZ BERNAL,

     Petitioner,

v.

                                     Case No. 1:26-cv-02139-MIS-JMR

WARDEN, Torrance County Detention
Center; MARY DE ANDA-YBARRA, El
Paso Field Office Director for Immigration
and Customs Enforcement; ACTING U.S.
ATTORNEY GENERAL; ACTING
DIRECTOR, U.S. Immigration and Customs
Enforcement; and MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security,

     Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Eddy Alvarez Bernal's Petition for a

Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 2, 2026.  The

federal Respondents filed a Response on July 21, 2026, ECF No. 6.[1]  Upon review of the Parties'

submissions, the record, and the relevant law, the Court will **DENY** the Petition.

**I.      Background**

Petitioner is a citizen of Cuba who first entered the United States on April 11, 2019, at the

Mission, Texas, Port of Entry.  See I-213 Narrative, ECF No. 6-1 at 2.  On May 21, 2019, he was

issued an Order of Expedited Removal.  See Order of the Immigration Judge ("Removal Order"),

---

[1]      The Clerk's Office served all Respondents pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

ECF No. 6-2.  On June 29, 2019, Petitioner was removed from the United States.  I-213 Narrative, ECF No. 6-1 at 2.

On November 7, 2022, U.S. Border Patrol Agents encountered Petitioner near Eagle Pass, Texas.  Id.  Petitioner was processed as a "Reinstate with Credible Fear."  Id.  On November 9, 2022, Petitioner was released pursuant to the Alternatives to Detention program.  Id.

On January 7, 2026, an Immigration Judge in Miami, Florida terminated Petitioner's removal proceedings.  Id.  The Immigration Judge's Order does not specify whether the termination is with or without prejudice.  ECF No. 6-3 at 1.

On March 6, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers encountered Petitioner at a correctional facility in Miami, following Petitioner's arrest for burglary and domestic violence.  I-213 Narrative, ECF No. 6-1 at 2.  ICE lodged an immigration detainer against Petitioner and, on March 26, 2026, ICE processed Petitioner as a "Reinstate case."  Id.  On March 27, 2026, ICE served Petitioner with a Warrant of Arrest.  See Warrant of Arrest of Alien, ECF No. 6-4.  ICE subsequently transferred Petitioner to the Torrance County Detention Center in Estancia, New Mexico, where he is currently detained.  Pet. at 1.

On May 15, 2026, ICE served Petitioner with a Notice of Removal to Mexico.  ECF No. 6-5.

On July 2, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus arguing that his detention violates the Fifth Amendment's Due Process clause.  Id. at 6.  On July 21, 2026, the federal Respondents filed their Response.  ECF No. 6.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to

issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

**III.    Discussion**

The Court finds that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231, which provides, in relevant part:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). "DHS's regulations set out the process for reinstating an order of removal." Johnson v. Guzman Chavez, 594 U.S. 523, 530 (2021). "In short, the agency obtains the alien's prior order of removal, confirms the alien's identity, determines whether the alien's reentry was unauthorized, provides the alien with written notice of its determination, allows the alien to contest that determination, and then reinstates the order." Id. (citing 8 C.F.R. §§ 241.8(a)-(c), 1241.8(a)-(c)).

3

Here, Petitioner was removed from the United States on June 29, 2019, pursuant to an order of expedited removal.  See I-213 Narrative, ECF No. 6-1 at 2; Removal Order, ECF No. 6-2. Petitioner illegally reentered the United States on November 7, 2022, was processed as a "Reinstate with Credible Fear," and released pursuant to the Alternatives to Detention program.  I-213 Narrative, ECF No. 6-1 at 2.  After an arrest for burglary and domestic violence in March 2026, Petitioner returned to ICE custody where he was again processed as a "Reinstate case."  Id. On March 27, 2026, ICE served Petitioner with a Warrant of Arrest.  See Warrant of Arrest of Alien, ECF No. 6-4. On May 15, 2026, ICE served Petitioner with a Notice of Removal to Mexico. ECF No. 6-5.

Petitioner argues that because his removal proceedings were terminated on January 7, 2026, "there is no valid removal order or lawful statutory authority permitting continued detention."  Pet. at 6.  However, the Immigration Judge did not terminate the removal proceedings with prejudice. See Order of the Immigration Judge at 1, ECF No. 6-3.  And the Supreme Court has stated that Section 1231(a)(5) "applies to 'all illegal reentrants,' and it 'explicitly insulates the removal orders from review,' while also 'generally foreclos[ing] discretionary relief from the terms of the reinstated order.'"[2]  Johnson, 594 U.S. at 530 (quoting Fernandez-Vargas v. Gonzales, 548 U.S. 30, 35 (2006)).  Thus, the Court finds that ICE lawfully reinstated Petitioner's removal order following his March 2026 arrest, and that Petitioner is subject to mandatory detention under Section 1231(a)(5).

---

[2]     Section 1231(a)(5) does not "preclude an alien from pursuing withholding-only relief to prevent DHS from executing his removal to the particular country designated in his reinstated removal order."  Johnson, 594 U.S. at 530 (citing Fernandez-Vargas, 548 U.S. at 35 n.4).  It does not appear that Petitioner has pursued this type of withholding-only relief.

Although mandatory detention under Section 1231(a) is subject to statutory and constitutional limitations, Petitioner has been in ICE detention for approximately four months, which is well within the presumptively reasonable six-month period of detention established by Zadvydas v. Davis, 533 U.S. 678, 701 (2001).  As such, the Court finds that Petitioner's detention is not unlawful, and he is therefore not entitled to habeas relief.

IV.    **Conclusion**

Accordingly, it is **HEREBY ORDERD** that Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE